IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOLLIE ADAMS, et al.,** | : | Civil No. 1:19-CV-336 |
| **Plaintiffs,** | : | |
| v. | : | |
| **TEAMSTERS LOCAL UNION 429, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is a report and recommendation ("R&R") of Magistrate Judge Carlson (Doc. 55) in which he recommends that the motion for summary judgment filed by Defendants James M. Darby, Albert Mezzaroba, Robert H. Shoop, Jr., and Attorney General Josh Shapiro (collectively, "the Commonwealth Defendants") (Doc. 26) be granted in its entirety. Plaintiffs have timely filed objections to the R&R. (Doc. 57.) For the reasons set forth below, the R&R will be adopted.

### **I.     BACKGROUND**

Hollie Adams, Jody Weaber, Karen Unger, and Chris Felker (collectively, "Plaintiffs") are Lebanon County employees who either joined Teamsters Union Local 429 ("the Union") or signed an agreement to pay agency fees[1] as nonmembers of the Union, due to a set of Pennsylvania statutory schemes and a collective

---

[1] Agency fees are charges made to non-union members, which are lower than fees paid by union members. These were permitted under pre-*Janus* case law.

1

bargaining agreement ("CBA"). Years after Plaintiffs came to their arrangements with the Union, however, necessary parts of the CBA and governing statutes were rendered unconstitutional by *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). Shortly after the Supreme Court decided *Janus*, the plaintiffs who were members of the Union filed requests to be withdrawn from it, while those who were paying agency fees as nonmembers submitted requests that agency fees cease being deducted from their wages. Some Plaintiffs were immediately granted their requests and others were denied due to a maintenance of membership provision in the CBA.

On February 27, 2019, Plaintiffs filed suit against Lebanon County, the Union, and the Commonwealth Defendants. (Doc. 1.) Plaintiffs brought two claims. Count 1 is a Section 1983 claim alleging that "Defendants Lebanon County and Teamsters" violated Plaintiff's first amendment rights by compelling them to join the Union or pay agency fees through an unconstitutional scheme. (Doc. 1, p. 10 (emphasis deleted).) Count 2 is a Section 1983 claim brought against the Commonwealth Defendants, asserting that the Pennsylvania statutes authorizing unions to operate as exclusive representatives are unconstitutional. (Doc. 1, p. 14.)

Shortly after Plaintiffs filed suit, Defendants took actions to: (1) ensure all Plaintiffs were deemed nonmembers of the Union; (2) cease dues deductions from Plaintiffs' wages; and (3) refund Plaintiffs all dues deducted from their wages plus interest.

2

On May 20, 2019, the Commonwealth Defendants filed a motion to dismiss for lack of jurisdiction and failure to state a claim. (Doc. 26.) The court proceeded to convert the motion to one for summary judgment. (Doc. 35.) The parties then briefed the motion, which was referred to Magistrate Judge Carlson.

On December 3, 2019, Magistrate Judge Carlson issued an R&R recommending that the motion be granted in full, dismissing all claims against the Commonwealth Defendants. (Doc. 55, p. 20.) The R&R's logic is that: (1) the requests for injunctive relief against the Commonwealth Defendants were moot because Plaintiffs were removed from the Union, were no longer having dues deducted, and had dues reimbursed; and (2) any claims for damages against the Commonwealth Defendants were barred by the Eleventh Amendment.

On December 17, 2019, Plaintiffs submitted their objections to the R&R. (Doc. 57.) These matters are now fully briefed and thus ripe for review.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v.* Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v.*

*Apfel*, 115 F. Supp. 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

### III. DISCUSSION

Plaintiffs raise three objections to the R&R, two of which the court will address together. In their first and third objections, Plaintiffs argue that the R&R improperly issued advisory opinions concerning Count 1 and sovereign immunity because Count 1 was not pleaded against the Commonwealth Defendants and Plaintiffs did not request damages from them. In their second objection, Plaintiffs contend that the R&R did not discuss the substance of Plaintiffs' exclusive representation claim against the Commonwealth Defendants. Plaintiffs

4

acknowledge, however, that the other R&R issued by Magistrate Judge Carlson in this case both substantively addressed the exclusive representation claim and stated that it may implicate the Commonwealth Defendants. Plaintiffs request that the court address the issue to preserve their right to appeal. As the court will explain below, Plaintiffs' objections fail to demonstrate that the R&R erred in recommending that the Commonwealth Defendants' motion be granted.

Beginning with Plaintiffs' first and third objections, the court has thoroughly reviewed Plaintiffs' complaint. While their claim against the entirety of the Commonwealth Defendants—who have exercised distinct actions relevant to this case—is rather unclear, the court agrees that Plaintiffs have not asserted a claim against the Commonwealth Defendants in Count 1. However, because Plaintiffs "do not disagree with the Report's statement of the law of immunity and the Eleventh Amendment" (Doc. 57, p. 5),[2] the only implication of their objection is that the analysis is dicta. While the court will not specifically reference either Count 1 in its order, neither of these objections affect the court's granting of the Commonwealth Defendants' motion nor the adoption of the R&R.

Turning to Plaintiffs' second objection, the court agrees that *this* R&R did not directly address Plaintiffs complaint that it is allegedly unconstitutional for unions

---

[2] Plaintiffs argue, in a footnote, that they have certain objections to the R&R's analysis in a separate brief, but Local Rule 7.8(a) states that "[n]o brief may incorporate by reference all or any portion of any other brief."

to operate as exclusive representatives, however, the corresponding R&R addresses it at length. The court finds that the R&R's analysis of the law and Plaintiffs' claim is correct, as several courts have held that, even in light of *Janus*, unions may constitutionally operate as exclusive representatives. (*See* Doc. 56, pp. 23-26.)[3] Plaintiff's second objection will therefore be overruled.

## IV. CONCLUSION

For the reasons outlined above, the court will adopt the R&R by granting the Commonwealth Defendants' motion for summary judgment and dismissing all claims against them with prejudice.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2020

---

[3] Plaintiffs also fail to include, in the brief supporting their objection to this R&R, any legal basis for why their exclusive representation claim should go forward. Instead, they merely violate Local Rule 7.8(a) a second time by incorporating other briefing by reference.